UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ERNESTO HIDALGO DIAZ, and all
others similarly situated

    Plaintiff,

vs.

MIAMI BEACH MEDICAL
TRANSPORT LLC, a Florida
Corporation, and RODOLFO
DUMENIGO MD PA d/b/a MIAMI
BEACH MEDICAL GROUP, a Florida
professional association,

    Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, ERNESTO HIDALGO DIAZ, by and through his undersigned attorney, and hereby sues Defendants, MIAMI BEACH MEDICAL TRANSPORT LLC, a Florida Corporation, and RODOLFO DUMENIGO MD PA d/b/a MIAMI BEACH MEDICAL GROUP, a Florida professional association, and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant MIAMI BEACH MEDICAL TRANSPORT LLC and RODOLFO DUMENIGO MD PA d/b/a MIAMI BEACH MEDICAL GROUP are Florida corporations which regularly conducted business within the Southern District of Florida by operating medical clinics.

6. MIAMI BEACH MEDICAL TRANSPORT LLC is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, MIAMI BEACH MEDICAL TRANSPORT LLC operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and MIAMI BEACH MEDICAL TRANSPORT LLC obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of MIAMI BEACH MEDICAL TRANSPORT LLC was at all times material hereto in excess of $500,000.00 per annum. MIAMI BEACH MEDICAL TRANSPORT LLC gross annual revenue in excess of $500,000, for the year 2016. Upon information and belief, the gross annual revenue for MIAMI BEACH MEDICAL TRANSPORT LLC is expected to reach over $500,000.00 for the year of 2017.

8. By reason of the foregoing, MIAMI BEACH MEDICAL TRANSPORT LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the

production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. RODOLFO DUMENIGO MD PA is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, RODOLFO DUMENIGO MD PA operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and RODOLFO DUMENIGO MD PA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

10. Upon information and belief, the annual gross revenue of RODOLFO DUMENIGO MD PA was at all times material hereto in excess of $500,000.00 per annum. RODOLFO DUMENIGO MD PA gross annual revenue in excess of $500,000, for the year 2016. Upon information and belief, the gross annual revenue for RODOLFO DUMENIGO MD PA is expected to reach over $500,000.00 for the year of 2017.

11. By reason of the foregoing, RODOLFO DUMENIGO MD PA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

12. Upon information and belief, MIAMI BEACH MEDICAL TRANSPORT LLC and RODOLFO DUMENIGO MD PA d/b/a MIAMI BEACH MEDICAL GROUP operated as a 'Joint Enterprise. Upon information and belief, the gross annual revenue for MIAMI BEACH MEDICAL

TRANSPORT LLC and RODOLFO DUMENIGO MD PA d/b/a MIAMI BEACH MEDICAL GROUP is more than $500,000.00 for the year of 2016, and is expected to exceed $500,000.00 for the year 2017. The two entities performed interrelated functions of a medical clinic, with Plaintiff required to pick-up patients from their home and deliver them to the clinic, and take patients from the clinic and drop-off at their homes. The parent and/or managing company of MIAMI BEACH MEDICAL TRANSPORT LLC is RODOLFO DUMENIGO MD PA, while RODOLFO DUMENIGO MD PA is managed by Rodolfo Dumenigo M.D. The registered agent for MIAMI BEACH MEDICAL TRANSPORT LLC is Rodolfo Dumenigo M.D of RODOLFO DUMENIGO MD PA. The two entities maintained an overall common business purpose of patient medical care.

## COUNT I: UNPAID OVERTIME WAGES

13. Plaintiff re-alleges and re-avers paragraphs 1 through 12 as fully set forth herein.

14. Plaintiff was employed by the Defendants as a patient driver for the medical clinics.

15. Plaintiff was employed from on or about November 11, 2016 through March 13, 2017.

16. Plaintiff worked approximately 60 hours per week. Plaintiff was generally paid for hours worked when delivering patients, and was paid partial overtime during the time he delivered patients. However, Plaintiff was not paid overtime wages for time spent calling patients and coordinating schedules. Plaintiff was also not paid overtime wages during the regular scheduled shifts when Defendants automatically deducted a lunch break, without regard as to whether Plaintiff actually took the lunch break. Plaintiff estimates he worked approximately 12.5 overtime hours which were not compensated at all, and is owed these hours at a rate of time and one-half the regular rate.

17. Plaintiff was paid a rate of $10.00 per hour.

18. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

19. Defendants are required to compensation Plaintiff for overtime hours at a rate of $15.00 per hour.

20. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

21. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Defendants were aware of the off-the-clock work that Plaintiff was required to perform and the automatic deductions to his lunch. Despite Defendants' having such knowledge, Defendants did not alter their pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

22. The similarly situated individuals are those individuals whom were employed by the Defendants as drivers like the Plaintiff, and whom were not paid overtime wages.

23. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: March 29, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561